# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

Kim Grant,

     Plaintiff,

v.

Credit Systems of the Fox Valley, Inc,

     Defendant.

Case No.

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT & THE ELECTRONIC FUND TRANSFER ACT**

**JURY DEMAND ENDORSED HEREIN**

## PARTIES

1. Plaintiff is a natural person who resided in Appleton, Wisconsin at all times relevant to this action.

2. Defendant is a Wisconsin corporation that maintained its principal place of business in Neenah, Wisconsin at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over Plaintiff's claims under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. 1693 et seq.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

7. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

8. The principal source of Defendant's revenue is debt collection.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described below, Defendant contacted Plaintiff about a financial obligation allegedly incurred by Plaintiff for medical services.

11. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

13. At all times relevant to this action, Plaintiff maintained a checking account at Prospera Credit Union which is an "account" as defined by 15 U.S.C. §1693a(2).

14. In or around November 2009, Defendant telephoned Plaintiff in connection with the collection of the debt.

15. During this communication, Plaintiff agreed to pay Defendant $62.00 per month to resolve the debt, provided Defendant with her debit card number, and orally authorized Defendant to electronically debit $31.00 from Plaintiff's checking account twice per month until the debt was resolved ("the EFTs").

16. Evidence obtained through discovery will likely show that Defendant recorded this telephone communication in order to create a "written" record of Plaintiff's authorization for the EFTs.

17. Between November 2009 and April 2010, Defendant processed the EFTs as arranged through electronic means, rather than through the use of checks, drafts, or other similar paper instruments.

18. Each of the EFTs was a "preauthorized electronic fund transfer" as defined by 15 U.S.C 1693a(9) because the EFTs were authorized in advance to recur at substantially regular intervals.

19. Defendant never provided Plaintiff with a copy of Plaintiff's authorization for the EFTs.

20. For each EFT, Defendant failed to provide Plaintiff with written notice of its intent to transfer the funds before the date of transfer.

21. For each EFT, Defendant failed to provide Plaintiff with reasonable advance notice of the amount to be transferred or the scheduled date of the transfer.

22. Defendant violated the FDCPA.

23. Defendant violated the EFTA

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT TWO

### Violation of the Electronic Fund Transfer Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1693e by failing to provide Plaintiff with a copy of Plaintiff's authorization of the EFTs and by failing to provide Plaintiff with reasonable advance notice of the amount to be transferred or the scheduled date of the transfer for the EFTs.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1693m.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Timothy J. Sostrin
     Timothy J. Sostrin
     233 S. Wacker Dr., Suite 5150
     Chicago, IL 60606
     Telephone:  866-339-1156
     Fax: 312-822-1064
     Email:  tjs@legalhelpers.com
     Attorneys for Plaintiff